# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-924V
### (Unpublished)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                             *
                                             *
                                             *
JACQUELINE ROBINSON,                         *
                                             *
                    Petitioner,              *
                                             *
v.                                           *
                                             *
                                             *
SECRETARY OF HEALTH AND                      *
HUMAN SERVICES,                              *
                                             *
                    Respondent.              *
                                             *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Special Master Katherine E. Oler

Filed: June 3, 2020

Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act.

*Renée J. Gentry*, Vaccine Injury Clinic, George Washington Univ. Law School, Washington, DC for Petitioner.
*Mary E. Holmes*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On June 27, 2018, Jacqueline Robinson ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she suffered from diffuse polyarthritis following the Prevnar 13 vaccine she received on November 21, 2016. Pet., ECF No. 1. Petitioners filed a statement of completion on July 23, 2018. ECF No. 11

On May 31, 2019, Respondent filed a Rule 4(c) Report contesting Petitioner's right to damages and requesting the dismissal of the claim. ECF No. 19. On August 19, 2019, Petitioner filed a status report requesting that she be allowed to file an expert report. ECF No. 21. I granted

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

this request on August 20, 2019.  *See* Non-PDF order of August 20, 2019.  Petitioner asked for several extensions of time to file this expert report.  See ECF Nos. 25, 27 29, and 30.  No report was ever filed.

Petitioner filed a motion to dismiss on June 2, 2020, indicating that Petitioner "has determined that she will be unable to prove entitlement to compensation in the Vaccine Program and to proceed further would unnecessarily expend the resources of the Court, the Respondent and the Vaccine Program."  Pet'r's Mot., ECF No. 31 at 2.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or (2) that she suffered an injury that was actually caused by a vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert.  § 13(a)(1).  In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof.  Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed.  § 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master